**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **KYLE ALAN NYE,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **No. 2:23-cv-00113-LEW** |
| ) | |
| **UNITED STATES POST OFFICE,** ) | |
| ) | |
| **Defendant** ) | |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

In this action, Kyle Alan Nye seeks to sue the United States Post Office for obstructing the delivery of his mail. *See* Complaint (ECF No. 1). Having granted Nye's application to proceed *in forma pauperis*, *see* Order (ECF No. 4), his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss Nye's complaint.

### I. Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

1

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

In his complaint, Nye alleges that the United States Postal Service (USPS) has engaged in "a clear pattern of intentionally obstructing" his mail by, among other things, leaving his mail in a snowbank, holding his mail for two weeks, making him fill out multiple change of address forms, and not responding to his calls and complaints. Complaint at 4; ECF No. 1-1. Nye contends that he has "important mail" that is not being delivered, which has caused his "mental health to suffer" and left him feeling "helpless and hopeless." ECF No. 1-1. He seeks $2,000 in damages. *See* Complaint at 4.

### III. Discussion

Although Nye's frustration regarding his alleged mail delivery problems is understandable, his complaint does not pass legal muster for two separate reasons.

First, to the extent that Nye invokes a criminal statute relating to the obstruction of mail, *see* Complaint at 3 (citing 18 U.S.C. § 1701), he lacks any standing to prosecute criminal charges. *See Heinemann v. Soc. Sec. Admin.*, No. 1:16-cv-00460-DBH, 2016 WL 5957269, at *4 (D. Me. Oct. 14, 2016) (rec. dec.) ("Simply stated, Plaintiff does not have standing to prosecute criminal charges against others, and the courts do not decide whether a person should be charged under . . . criminal statutes."), *aff'd*, 2016 WL 6495444 (D. Me. Nov. 1, 2016).

Second, even if Nye intended to assert some sort of civil action against USPS, his complaint is barred by the doctrine of sovereign immunity. *See Tobin v. I.R.S. Comm'r*, No. 07-cv-53-B-W, 2007 WL 2908819, at *2 (D. Me. Sept. 26, 2007) (rec. dec.) ("Sovereign immunity bars lawsuits against the federal government except to the extent that Congress has waived that immunity. In the absence of a waiver, the court lacks subject matter jurisdiction to entertain claims against the federal government." (cleaned up)), *aff'd*, 2007 WL 3094754 (D. Me. Oct. 19, 2007); 28 U.S.C. § 2680(b) (expressly excluding any "claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" from the federal government's waiver of sovereign immunity under the Federal Tort Claims Act); *Mann v. United States*, No. 3:21-cv-01326-E-BT, 2022 WL 789698, at *3 (N.D. Tex. Feb. 24, 2022) (holding that sovereign immunity barred a plaintiff's tort claims arising from USPS's alleged

failure to deliver his mail), *aff'd*, 2022 WL 785316 (N.D. Tex. Mar. 15, 2022).

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** the Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: March 13, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge